**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

February 23, 2022

**VIA CM/ECF**

Peter R. Marksteiner
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Pl., N.W.
Washington, D.C. 20439

Re: <u>Contour IP Holding LLC v. GoPro, Inc.</u>, No. 2022-1654

Dear Colonel Marksteiner:

We represent Defendant-Appellee GoPro, Inc. ("GoPro") and respectfully write pursuant to FRAP 28(j) regarding this Court's recent decision in *Hawk Technology Systems, LLC v. Castle Retail, LLC*, No. 2022-1222 (Feb. 17, 2023), which affirmed a dismissal because the claims were directed to ineligible subject matter.

The claims held unpatentable in *Hawk Technology* are similar to the claims at issue here, reciting a surveillance system that transmitted "streams of the video images." Slip Op. 5. At *Alice* step one, this Court concluded that the claims merely "require the functional results" of, *e.g.*, "converting … video source images" "storing at least a subset of the converted images," "transmitting … the video images," and displaying "requested specific streams of the video images." Slip Op. 11. This Court held that such claims did not satisfy *Alice* step one because they were written at a level of "result-oriented generality." Slip Op. 13. The same is true of the claims at issue in this appeal, which similarly cover the generic results of converting "video image data" to "image data streams" at relatively higher and lower quality for transmission and storage. *See* GoPro Br. 17,30-31.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

At *Alice* step two, the *Hawk Technology* patentee argued that the claims provided an inventive step by "recit[ing] an inventive solution" that achieved a benefit, even though the claims relied on conventional "tools" such as an analog-to-digital converter. Slip Op. 14. This Court rejected that argument, concluding that the claims used "generic functional language" to achieve the benefit and required only conventional computer and network components operating in their ordinary fashion. Slip Op. 14-15. Contour similarly relies on conventional processors and remote controllers to achieve the benefit, and its claims use the same type of generic functional language found lacking in *Hawk Technology*. *See* Contour Reply Br. 23-29.

This Court also rejected patentee's argument that the claimed "parameters" rendered the claims patentable, because the claims do not explain how they are used. Slip Op. 12, 14. Contour similarly relies on an unclaimed Bluetooth driver. GoPro Br. 28, 48.

This Court thus should affirm the judgment here for the same reasons.

Respectfully submitted,

/s/ Sean Pak

Sean Pak


cc: Counsel of Record (via ECF)