**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
700 Louisiana Street, 27th Floor
Houston, Texas 77002
713.431.7100 main
713.431.7101 fax
www.sheppardmullin.com

John R. Keville
713.431.7113 direct
JKeville@sheppardmullin.com

March 2, 2023

**VIA CM/ECF**

Peter R. Marksteiner
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

    Re:    Plaintiff-Appellant Contour's Response To Defendant-Appellee GoPro's Feb. 23rd Rule 28(j) Letter Citing Supplemental Authority in *Contour IP Holding LLC v. GoPro, Inc*., Nos. 2022-1654, -1691

Dear Mr. Marksteiner:

GoPro's letter repeats its tactic of summarizing this Court's precedents, and simply declaring that case is just like this one. Gray 18. As shown herein, that conclusory approach again fails.

At step one, the claims in *Hawk* did not recite "how the alleged goal of 'conserving bandwidth while preserving data' [was] achieved" and "fail[ed] to recite a specific solution to make the alleged improvement … 'concrete.'" Op. 12-13. By contrast, Contour's claims recite an improved POV camera specifically configured to accomplish a concrete solution that improved the prior art—a POV camera including a processor configured to (1) generate (2) in parallel (3) two image data streams (4) from the same video image data (5) where one stream has a higher resolution than the other and (6) sending only the lower-resolution stream to the portable device. Blue 41-46. This specifically-claimed technique allowed previewing the camera's recordings and adjusting its settings in real-time, even when the camera could not be seen by the user.

GoPro incorrectly described Contour's claims as only directed to the "desired result" of remote control/access (Red 17, 30-31), while GoPro's letter now states Contour's claims are merely directed to "the generic results of converting 'video image data' to 'image data streams' at relatively higher and lower quality for transmission and

**SheppardMullin**

March 2, 2023
Page 2

storage." This belatedly-raised articulation still oversimplifies and mischaracterizes Contour's claims and should be disregarded.

At step two, the claims in *Hawk* recited "conventional computer and network components operating according to their ordinary functions." Op. 14. Here, Contour's claims do not just list conventional camera components but require a specifically-configured processor, which changed how the processor functioned in a manner that surprised both GoPro and Ambarella (the processor's manufacturer). Blue 54-61.

This Court in *Hawk* rejected the argument that the claims' recitation of "temporal and spatial parameters" supplied the inventive concept because they "fail[ed] to specify precisely what the parameters are." Op. 14. Contrary to GoPro's letter, Contour does not rely on "an unclaimed Bluetooth driver" as supplying the inventive concept, but rather on the specifically-claimed processor configuration that solved known prior art problems. Blue 58-59.

Respectfully submitted,

/s/ John R. Keville

Counsel for Plaintiff-Appellant Contour IP Holding LLC

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


cc:    Counsel of Record (via ECF)